**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RONNIE GLENN TRIPLETT, 15692-064,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:05-CV-1403-N | |
| ) | | |
| **DAN JOSLIN, Warden,** ) | | |
| Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Statement of the Case: Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2241 on July 14, 2005. He is incarcerated at FCI Seagoville in Seagoville, Texas, pursuant to a term of imprisonment imposed by the United Stated District Court for the Western District of Oklahoma on February 1, 2005, in United States v. Triplett, 5:04cr0062 (W.D. Okla.). (Petition (Pet.) at 3). He correctly notes that his direct criminal appeal is presently pending before the Unites States Court of Appeals for the Tenth Circuit in No. 05-6061. (Id. at 2).

Relying on Booker v. United States, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), and the "common-law rule of abatement," Petitioner requests dismissal of the judgment of conviction and indictment, abatement of any further prosecution, and immediate release from

custody.[1]

Findings and Conclusions:  Although Petitioner denominates his current petition as one for habeas relief under 28 U.S.C. § 2241, and specifically states that he is not seeking relief under 28 U.S.C. § 2255 (see Pet. at 2), the petition clearly seeks to attack the validity of his federal conviction and, thus, the legality of the sentence that he is currently serving.

Since Petitioner is incarcerated in the Dallas Division of the Northern District of Texas, this Court has the jurisdiction to determine whether his claims are properly brought under § 2241.  See Padilla v. United States, ___ F.3d ___, 2005 WL 1595291, *2 (5th Cir. Jul. 8, 2005) (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255) (citing Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999)).

Section 2255 "provides the primary means of collaterally attacking a federal conviction and sentence."  Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); see also Padilla, ___ F.3d ___, 2005 WL 1595291, *1; Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990).  Relief under this section is warranted for errors that occurred at trial or sentencing. Cox, 911 F.2d at 1113.  A section 2255 motion must be filed in the sentencing court.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

By contrast a § 2241 petition permits challenges to the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.  Id. at 451; see also Padilla, 2005 WL 1595291, at *1.

---

[1] Contemporaneously with the filing of this action, Petitioner filed a motion for relief from judgment in the convicting court pursuant to Fed. R. Civ. P. 60(b)(4) or (6), arguing that his judgment of conviction should be set aside because of Booker.  On July 26, 2005, the convicting court denied Petitioner's Rule 60(b) motion.

Habeas relief under § 2241 may be appropriate when the remedy provided under § 2255 is "inadequate or ineffective." – i.e., the so-called "savings clause." Jeffers, 253 F.3d at 830. "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.

In support of his petition for writ of habeas corpus, Petitioner relies primarily on the Supreme Court's decision in Booker. He asserts that his sentence was imposed in violation of the Constitution and laws of the United States.

The relief Petitioner seeks is more appropriately requested by way of an application under § 2255 in the convicting court. As he correctly notes, the § 2255 remedy is presently unavailable to him because of the pendency of his direct criminal appeal. The Fifth and Tenth Circuits have long held that a district court is precluded from entertaining a § 2255 motion during the pendency of a direct appeal. Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (citing Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997). This court is unpersuaded, however, that the § 2255 remedy is inadequate or ineffective to test the legality of Petitioner's conviction merely because the convicting court cannot presently entertain a § 2255 motion due to the pendency of his direct appeal. Accordingly, habeas relief under the savings clause of § 2241 is premature.

Based on the foregoing, the petition for writ of habeas corpus under § 2241 should be dismissed for want of jurisdiction. Petitioner remains free to argue his current claims on direct appeal. Should these fail, and Petitioner's conviction becomes final, he would then be free to file a § 2255 motion in ordinary course in the convicting court.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 18th day of August, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.