IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE GLENN TRIPLETT, 15692-064, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1403-N |
| | ) | |
| DAN JOSLIN, Warden, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court filed on December 1, 2006, Petitioner's motion pursuant to Rule 60(b)(4), filed on September 20, 2006, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

On September 7, 2005, the District Court adopted the findings, conclusions and recommendation of the Magistrate Judge and dismissed the habeas corpus petition pursuant to 28 U.S.C. § 2241 for want of jurisdiction. The Court held that the petition challenged the constitutionality of the sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), that such claim did not fall within the savings clause and, as a result, that such claim would be cognizable only in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the convicting court. The Fifth Circuit affirmed. *Tripplett v. Joslin*, No. 05-11039 (5th Cir. Aug. 28, 2006).[1]

---

[1] While Petitioner is confined at FCI Seagoville, within the territorial jurisdiction of the Northern District of Texas, he was sentenced in the U.S. District Court for the Western District of Oklahoma. *United States v. Triplett*, 5:04cr0062 (W.D. Okla.). His sentence was affirmed on direct appeal by the Unites States Court of Appeals for the Tenth Circuit on

In his Rule 60(b) motion, Petitioner contends this Court and the Fifth Circuit mischaracterized his arguments to raise a *Booker* claim.  Petitioner's contention is wholly baseless and patently frivolous.  His § 2241 petition specifically challenged the constitutionality of his sentence in light of the holding in *Booker*.

Federal Rule of Civil Procedure 60(b)(1) through (b)(5), which address inadvertence, excusable neglect, newly discovered evidence, fraud, and misrepresentation, do not apply in this case.  Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment."  Relief under this subsection is available "'only if extraordinary circumstances are present.'"  Government Financial Services One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767 (5th Cir. 1995) (quoted case omitted).

"Extraordinary circumstances" are not present in this case.  Petitioner's request that his sentencing claim be addressed in this § 2241, although he cannot meet the savings clause of § 2255, lacks any merit.  Accordingly, his Rule 60(b) motion should be denied.

---

December 27, 2005.  *See* No. 05-6061.  The Supreme Court subsequently denied his petition for a writ of certiorari on June 19, 2006.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's Rule 60(b) motion (docket #19) be DENIED.

A copy of this recommendation will be mailed to Petitioner.

Signed this 6th day of December, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.